JUDGE ANDERSEN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAGISTRATE JUDGE KEYS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 08CR 482 |
| v. | ) | |
| ANTHONY MATTHEWS | ) | Violations: Title 18, United States Code, Section 1343 |

FILED
JUN 1 8 2008 TC
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### COUNT ONE

The UNITED STATES ATTORNEY charges:

1. At times material to this information:

    a) Defendant ANTHONY MATTHEWS owned and controlled Express Mortgage, a licensed Illinois mortgage brokerage located on Wabash Street and on Western Boulevard in Chicago, Illinois.

    b) Bank One was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"). Wells Fargo Home Mortgage was a subsidiary of Wells Fargo Bank.

    c) MIT Lending and St. Francis Mortgage were mortgage companies engaged in the business of issuing mortgage loans for the purchase of residential property.

2. Beginning no later than 2003 and continuing through at least 2006, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY MATTHEWS,

defendant herein, together with other co-schemers known to the United States Attorney, devised, intended to devise, and participated in a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, which scheme affected

financial institutions. More specifically, defendant schemed to fraudulently obtain over $1 million in mortgage loan proceeds from various banks and mortgage lending institutions, including Bank One, Wells Fargo Bank, MIT Lending, St. Francis Mortgage and Wells Fargo Home Mortgage, among others (hereinafter referred to collectively as "lenders"), as described below.

3. It was part of the scheme that defendant ANTHONY MATTHEWS prepared loan applications which contained materially false representations, including inflated employment income and inflated personal savings, and documents supporting those false representations, in order to induce lenders to approve mortgage loans for prospective buyers who were not otherwise qualified.

4. It was further part of the scheme that defendant ANTHONY MATTHEWS provided a co-schemer with false information necessary to create false documents, including W-2 Wage and Tax Statements ("W-2s"), bank statements, and pay stubs, to support the false representations in the fraudulent loan applications submitted to lenders, and paid the co-schemer to create these false documents.

5. It was further part of the scheme that defendant ANTHONY MATTHEWS, through Express Mortgage, submitted fraudulent loan applications to lenders which relied on materially false representations and supporting documents in approving the loans, including loans for the buyers of the following properties in an amount totaling approximately $1,101,000:

| Address |
|---|
| 8947 South Creiger, Chicago, Illinois |
| 6645 South St. Lawrence, Chicago, Illinois |
| 6838 South Shore Drive, Unit 6838-3, Chicago, Illinois |
| 1313 East 72nd Place, Chicago, Illinois |

2

| 8218 South Woodlawn, Chicago, Illinois |
|---|

6. It was further part of the scheme that defendant ANTHONY MATTHEWS and others did misrepresent, conceal, and hide, and cause to be misrepresented, concealed and hidden the true purpose of acts done in furtherance of the scheme.

7. As a result of the fraudulent acts of defendant ANTHONY MATTHEWS and others, lenders incurred losses on the mortgage loans in the amount of approximately $400,000, because the loans were not repaid by the borrowers and the lenders were unable to fully recover the amounts due on the loans by foreclosing on the properties.

8. On or about December 11, 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY MATTHEWS,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, and signals, namely, a verification of deposit from Bank One in Baton Rouge, Louisiana to Express Mortgage in Chicago, Illinois which document pertained to the sale of the property located at 8947 South Creiger, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The SPECIAL MARCH 2007 GRAND JURY further charges:

1. The allegations contained in Count One of this Information are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of his violation of Title 18, United States Code, Section 1343, as alleged in the foregoing Information,

ANTHONY MATTHEWS,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offense.

3. The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) include but are not limited to: $400,000.

4. If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant:

    (a) Cannot be located upon the exercise of due diligence;

    (b) Has been transferred or sold to, or deposited with, a third party;

    (c) Has been placed beyond the jurisdiction of the Court;

    (d) Has been substantially diminished in value; or

      (e)    Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

_____
UNITED STATES ATTORNEY